Voto particular disidente emitido por la
Jueza Asociada Se-ñora Fiol Matta,
al cual se une la Jueza Asociada Se-ñora Rodríguez Rodríguez.
Disiento de la enmienda que la mayoría de este Tribunal ha propuesto para la Regla 5(a) de nuestro Regla-mento, 4 L.P.R.A. Ap. XXI-A. Mi disenso se sostiene en tres consideraciones principales.
Primero, entiendo que el método fraccionado que se está utilizando para enmendar el Reglamento no es el más apropiado. Considero, como lo manifesté mediante memo- *475 rando al expresar mi conformidad con la enmienda suge-rida para la Regla 5(b),(1) que nuestro Reglamento de 1996 debe revisarse en su totalidad, de manera que pueda atem-perarse a los cambios que se han realizado en la Ley de la Judicatura de 2003, las Reglas de Procedimiento Civil y las Reglas de Evidencia. Esto, para que exista coherencia y lógica en la elaboración y aplicación de nuestro Reglamento.
Segundo, no se ha definido la necesidad o el problema que atendería la enmienda propuesta. Durante mis seis años en este Tribunal el actual proceso de asignación de casos ha mostrado ser objetivo y efectivo. Más aún, los ca-sos quedan asignados, en términos prácticos, durante la reunión semanal del Pleno, por lo que lo único que hace el memorando que el Juez Presidente envía cuando un re-curso expedido queda sometido, es reiterar y oficializar la asignación inicial. La enmienda sugerida, en lugar de agi-lizar el proceso de asignación de casos, podría hacerlo más lento y desorganizado.
En tercer lugar, el cambio propuesto crea una imbrica-ción innecesaria e, incluso, cierto antagonismo entre las funciones adjudicativas y administrativas del Juez Presidente. Esto porque el cumplimiento de su función como Juez en el Pleno del Tribunal, es decir, su voto, de-terminará el ejercicio de su función como Juez Presidente en la asignación de los casos. De esa forma, la enmienda propuesta va a la médula de la administración del Tribunal. Es cierto que este Tribunal es colegiado para efectos de la adjudicación de los casos, pero no para su *476 administración. Esta función es exclusiva del Juez Presidente.(2)
En ausencia de estudios previos que demuestren la ne-cesidad de cambio y que propongan una alternativa más congruente con nuestro funcionamiento como cuerpo cole-giado, no hay razón para intervenir con un esquema que ha probado su eficiencia y que se ha administrado siempre con la mayor corrección. Por todo lo expresado, me veo en la obligación de disentir de la enmienda a la Regla 5(a) aprobada por la mayoría de este Tribunal.

 “En cuanto a la enmienda propuesta a la Regla 5(b) de nuestro Reglamento, hubiera preferido posponer la aprobación de un nuevo texto y considerarlo dentro de un proceso de revisión total del Reglamento de 1996. Dicho eso, como se ha sometido a votación un texto alterno que atiende, al menos en parte, los malos entendidos, estoy conforme con su aprobación”.

 Art. V, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1; Ley Núm. 201 de 22 de agosto de 2003, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (4 L.P.R.A. sec. 24j). Véase, además, Regla 8 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.